# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**
**CRIMINAL DIVISION**
VENUE: SAN FRANCISCO

FILED
2011 JUL -7 P 3: 48
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

---

UNITED STATES OF AMERICA,

V.

ROBERT G. TUNNELL, JR.,

# CR 11 0463 CRB

DEFENDANT.

---

## INDICTMENT

18 U.S.C. § 1341- Mail Fraud
18 U.S.C. § 1343-Wire Fraud
18 U.S.C. § 1957-Money Laundering

---

A true bill.

_____
Foreman

Filed in open court this ___7___ day of
July, 2011

_____
Brenda Tolbert
Clerk

**NO PROCESS**

Bail, $ _____     7-7-11

_____
Maria Elena James
United States Chief Magistrate Judge

PER 18 U.S.C. 3170

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ INFORMATION  ☑ INDICTMENT

CASE NO.

Matter Sealed: ☐ Juvenile  ☐ Other than Juvenile
☐ Pre-Indictment Plea  ☐ Superseding  ☐ Defendant Added
☐ Indictment  ☐ Charges/Counts Added
☐ Information

USA vs.
Defendant: Robert G. Tunnell, Jr.

Address:

**CR 11 0463 CRB**

FILED 2011 JUL -7 P 3:49 RICHARD W. WIEKING CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

Name of District Court, and/or Judge/Magistrate Location (City)
UNITED STATES DISTRICT COURT
DISTRICT OF Northern California (SF) Divisional Office

Name and Office of Person Furnishing Information on THIS FORM: Melinda Haag
☐ U.S. Atty  ☐ Other U.S. Agency
Phone No.

Name of Asst. U.S. Attorney (if assigned): Doug Sprague

☐ Interpreter Required  Dialect: _____

Birth Date: E-filing

☑ Male  ☐ Female  ☐ Alien (if applicable)

### PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)
Federal Bureau of Investigation

Social Security Number _____

☐ person is awaiting trial in another Federal or State Court (give name of court)

☐ this person/proceeding transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Atty  ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant. (Notice of Related Case must still be filed with the Clerk.)

☑ prior proceedings or appearance(s) before U.S. Magistrate Judge regarding this defendant were recorded under

SHOW DOCKET NO.

MAG. JUDGE CASE NO.
3 11 70690 EDL

### DEFENDANT

Issue: ☐ Warrant  ☐ Summons

Location Status:
Arrest Date 6/23/2011  or Date Transferred to Federal Custody _____

☐ Currently in Federal Custody
☐ Currently in State Custody
  ☐ Writ Required
☑ Currently on bond
☐ Fugitive

Defense Counsel (if any): Ed Swanson
☐ FPD  ☐ CJA  ☑ RET'D
☐ Appointed on Target Letter

Place of offense: San Francisco  County

☐ This report amends AO 257 previously submitted

### OFFENSE CHARGED - U.S.C. CITATION - STATUTORY MAXIMUM PENALTIES - ADDITIONAL INFORMATION OR COMMENTS

Total # of Counts: 21

| Set | Title & Section/Offense Level (Petty = 1 / Misdemeanor = 3 / Felony = 4) | Description of Offense Charged | Count(s) |
|---|---|---|---|
| | SEE ATTACHED | | |
| | | | |
| | | | |
| | | | |

## *United States v. Robert G. Tunnell, Jr.*
## *Attachment to Penalty Sheet*

MAXIMUM PENALTIES (Each Count)

<u>Counts One through Seven</u>:   (Title 18, United States Code, Section 1341 – Mail Fraud)

Imprisonment:         20 years

Fine:                 $250,000 (or twice the value of the property involved in the offense, whichever is greater)

Supervised Release:   3 years

Special Assessment:   $100

Restitution:          To be determined by the Court

<u>Counts Eight through Twenty</u>:   (Title 18, United States Code, Section 1343 – Wire Fraud)

Imprisonment:         20 years

Fine:                 $250,000 (or twice the value of the property involved in the offense, whichever is greater)

Supervised Release:   3 years

Special Assessment:   $100

Restitution:          To be determined by the Court

<u>Count Twenty-One</u>:   (Title 18, United States Code, Section 1957 - Money Laundering)

Imprisonment:         10 years

Fine:                 $250,000    (or twice the amount of the criminally derived property involved in the transaction)

Supervised Release:   3 years

Special Assessment:   $100

Restitution:          To be determined by the Court

true

MELINDA HAAG (CSBN 132612)
United States Attorney




UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) No. CR 11 0463 |
|---|---|
| Plaintiff, | ) VIOLATIONS: Title 18, United States Code, Section 1341—Mail Fraud; Title 18, United States Code, Section 1343—Wire Fraud; Title 18, United States Code, Section 1957—Money Laundering; Forfeiture Allegation (18 U.S.C. §§ 982(a)(1), 982(a)(3)(E, F), and 28 U.S.C. § 2461(c)) |
| v. | |
| ROBERT G. TUNNELL, JR., | |
| Defendant. | |

INDICTMENT

The Grand Jury charges:

Introductory Allegations

1.      Defendant, Robert G. Tunnell, Jr. ("TUNNELL"), was a former attorney who subsequently held himself out as a highly successful investor. TUNNELL operated his investment programs under several names, including TCO International LLC, TCO International China Fund, KARMAH, and various iterations of those names. TUNNELL maintained accounts at various financial institutions, as defined in Title 31, United States Code, Section 5312, including Bank of America in San Francisco and Rosenthal Collins Group in Chicago, Illinois. TUNNELL's principal place of business for his investment operations was his residence at 550 Battery Street, "Suite" 2001, San Francisco, California.

INDICTMENT

2. TUNNELL solicited individuals to have him to manage their investments, and many individuals provided substantial amounts of money to TUNNELL for him to invest for them. From at least as early as January 2006 until his arrest on June 23, 2011, TUNNELL obtained approximately $10 million from investors, most of whom were family members or personal friends.

3. During that time period, TUNNELL consistently misrepresented to his investors, among other things, that he was achieving steady gains in his investors' accounts based on his conservative, low-risk investments. In fact, however, TUNNELL used his investors' money to engage in commodities trading and other risky trading activity, through which he lost approximately $7 million of his investors' money. TUNNELL used most of the remaining money to repay investors who requested distributions. In short, from at least as early as January 2006 through June 2011, TUNNELL operated a Ponzi scheme.

### The Scheme to Defraud

4. In furtherance of his scheme, and to induce individuals to invest with him and not to withdraw funds once invested, TUNNELL made many material misrepresentations to potential and actual investors and omitted many material facts from them, including the following:

    a. TUNNELL intentionally failed to disclose that in 2001 he had resigned from the State Bar of California with charges pending, including charges that TUNNELL stole approximately $300,000 from his law firm and diverted it to his personal trading account;

    b. TUNNELL represented to investors that he would invest and had invested their funds in a "conservative", "low risk", "safe", and "cautious" manner, and that his investors' funds were "safe" and "guaranteed";

    c. TUNNELL falsely told investors that he invested money as a favor, because he liked to help people, that he was highly successful as an investor, and that he would not and did not receive any financial gain for doing so;

    d. TUNNELL failed to inform some investors that he would use their money to trade commodities;

    e. TUNNELL failed to inform investors that he would use their money to pay

INDICTMENT                                            2

off other investors;

  f. TUNNELL falsely claimed that he had a significant financial investment in, an ownership interest in, and the opportunity for ownership interests in business entities in China;

  g. TUNNELL assured investors they could withdraw any or all of their money at any time without penalty;

  h. TUNNELL consistently and falsely reported gains to his investors;

  i. TUNNELL failed to inform investors that the gains he reported were not based on the actual performance of his investments; and

  j. In an effort to reassure investors that their money was secure and to dissuade investors from withdrawing investment funds from him, TUNNELL created false documents which grossly overstated his total assets and net worth and understated how much money he owed to other investors.

5. It was further part of TUNNELL's scheme to defraud that he sent regular account updates to investors in which he consistently and falsely reported gains.

6. It was further part of TUNNELL's scheme to defraud that he paid investors who sought to redeem some or all of their investments by liquidating other investors' contributions, and he did not tell investors that he was doing so.

7. It was further part of TUNNELL's scheme to defraud that he dissuaded investors from withdrawing funds by falsely claiming his investment return rates were better than other, more conservative investment options, including educational accounts, and by falsely claiming that investors would have to pay significant capital gains taxes, when, in fact, TUNNELL already had lost most of the investors' money when he made these claims.

8. As he lost more and more of his investors' money, TUNNELL's solicitation efforts for additional investments increased and his false misrepresentations became more exaggerated, including as follows:

  a. In two consecutive months in or about mid-2007, TUNNELL lost more than $800,000 trading, bringing his trading account balances to less than $20,000. A few days

INDICTMENT          3

1    later, however, he reported to investor S.R. that her accounts had gained approximately 2% in the
2    prior month and remained on pace to gain more than 20% for the year. TUNNELL told S.R. that
3    she needed to invest even more money with TUNNELL so she could achieve even greater
4    returns.

5        b.     In consecutive months in or about mid-2010, TUNNELL lost more than
6    $800,000 in his trading accounts, bringing the balance in those accounts to less than $100,000.
7    During that time, TUNNELL persuaded K.C. and D.C. to send TUNNELL an additional
8    $200,000 to $300,000, and TUNNELL guaranteed an 11% annual return that he promised to
9    generate by his "steady, cautious" strategy. After K.C. and D.C. wired $250,000 to TUNNELL,
10   TUNNELL used a portion of these funds to repay an earlier investor.

11       c.     Later in 2010, when TUNNELL lost more than $1 million in his trading
12   accounts, TUNNELL solicited more money from E.G., K.C., and D.C., promising a guaranteed
13   12% return to E.G. and a guaranteed 11% return to K.C. and D.C.

14   9.   In furtherance of his scheme, TUNNELL failed to disclose that he used investors'
15   money to pay off other investors and other liabilities, including as follows:

16       a.     On or about April 16, 2007, TUNNELL used investor S.R.'s money to pay
17   $60,308 to a bank. The $60,308 payment was the last installment of a debt TUNNELL owed to
18   the bank after the bank successfully sued TUNNELL for failing to repay a $287,000 loan.

19       b.     On or about July 1, 2008, TUNNELL used a $50,000 investment from
20   M.M. to fund a $50,000 check to investor M.J.O.

21       c.     On or about February 23, 2009, TUNNELL used $99,000 of a $240,000
22   investment from J.Z. to issue checks to investors G.W., K.W., J.D., and L.D.

23       d.     On or about May 28, 2010, TUNNELL used a $40,000 investment from
24   M.H. to fund a $40,000 check to investor S.R.

25       e.     In or about August 2010, TUNNELL used investments from E.G., G.W.,
26   and K.W. to pay approximately $182,000 to investors M.H., S.R., N.B., J.Z., D.S., and R.S.

27       f.     On or about February 15, 2011, TUNNELL used a $100,000 investment
28   from M.J.O. to write a $62,500 check to investor S.R.

INDICTMENT                                        4

10. In furtherance of his scheme, TUNNELL often warned his investors that his investment programs were "proprietary" and "confidential" and that they should not discuss their investments with TUNNELL with anyone else. Similarly, TUNNELL lied to his investors about personal matters to try to separate his victims and keep them from communicating with each other.

COUNTS ONE THROUGH SEVEN: (18 U.S.C. § 1341 – Mail Fraud)

11. Paragraphs 1 through 10 are realleged and incorporated herein by reference.

12. On or about the dates set forth below, in the Northern District of California and elsewhere, the defendant,

ROBERT G. TUNNELL, JR.,

for the purpose of executing his material scheme and artifice to defraud, and to obtain money and property from his victims by means of materially false and fraudulent pretenses, representations, and promises, and by material omissions, did knowingly cause the mail matter listed below to be deposited, sent, and delivered by the United States Postal Service and interstate carrier:

| COUNT | DATE OF MAILING | ITEM MAILED |
|---|---|---|
| 1 | September 18, 2007 | Letter to E.G. acknowledging receipt of $500,000 |
| 2 | November 9, 2007 | Letter to G.W. and K.W. acknowledging receipt of $300,000 |
| 3 | July 8, 2008 | Letter to E.G. acknowledging receipt of a total of $1,000,000 in funds |
| 4 | November 11, 2008 | "Certificate of Investment Deposit" dated November 3, 2008, reflecting additional $800,000 investment by E.G. |
| 5 | January 15, 2009 | Note and enclosed "Certificate of Investment Deposit" dated December 30, 2008, reflecting additional $400,000 investment by E.G. |
| 6 | June 7, 2010 | "Investment Note" reflecting $1,450,372 investment by E.G. |
| 7 | January 12, 2011 | "Investment Note" reflecting additional $250,000 investment by E.G. |

All in violation of Title 18, United States Code, Section 1341.

//

INDICTMENT                                5

COUNTS EIGHT THROUGH TWENTY: (18 U.S.C. § 1343 – Wire Fraud)

13. Paragraphs 1 through 10 are realleged and incorporated herein by reference.

14. On or about the dates set forth below, in the Northern District of California and elsewhere, the defendant,

ROBERT G. TUNNELL, JR.,

for the purpose of executing his material scheme and artifice to defraud, and to obtain money and property from his victims by means of materially false and fraudulent pretenses, representations, and promises, and by material omissions, did knowingly transmit and cause to be transmitted the following wire communications in interstate commerce, all processed by the Fedwire Funds Transfer System in New Jersey:

| COUNT | DATE OF WIRE | ITEM WIRED |
|---|---|---|
| 8 | April 11, 2007 | $150,000 from S.R. to TUNNELL |
| 9 | May 14, 2007 | $100,000 from M.J.O. to TUNNELL |
| 10 | June 29, 2007 | $50,000 from M.J.O. to TUNNELL |
| 11 | July 23, 2007 | $500,000 from E.G. to TUNNELL |
| 12 | September 18, 2007 | $500,000 from E.G. to TUNNELL |
| 13 | October 5, 2007 | $200,000 from S.R. to TUNNELL |
| 14 | October 14, 2008 | $140,000 from M.J.O. to TUNNELL |
| 15 | November 3, 2008 | $800,000 wire from E.G. to TUNNELL |
| 16 | December 29, 2008 | $400,000 from victim E.G. to TUNNELL |
| 17 | February 23, 2009 | $240,000 from vicim J.Z. to TUNNELL |
| 18 | August 5, 2010 | $150,000 from victim E.G. to TUNNELL |
| 19 | December 17, 2010 | $250,000 from victim E.G. to TUNNELL |
| 20 | April 7, 2011 | $50,000 from victim M.M. (via her family trust) to TUNNELL |

All in violation of Title 18, United States Code, Section 1343.

COUNT TWENTY-ONE: (18 U.S.C. § 1957 – Money Laundering)

15. Paragraphs 1 through 10 are realleged and incorporated herein by reference.

16. On or about November 3, 2008, in the Northern District of California and

INDICTMENT 6

elsewhere, the defendant,

ROBERT G. TUNNELL, JR.,

did knowingly engage and attempt to engage in a monetary transaction in criminally derived property of a value greater than $10,000, namely, the wire transfer of $800,000 of E.G.'s funds from one of TUNNELL's accounts at Bank of America in San Francisco to TUNNELL's account with Rosenthal Collins in Chicago, Illinois, those funds having been derived from specified unlawful activity, namely, wire fraud, in violation of Title 18, United States Code, Section 1343.

All in violation of Title 18, United States Code, Section 1957.

**FORFEITURE ALLEGATION**:   (18 U.S.C. §§ 982(a)(1), 982(a)(3)(E, F), and 28 U.S.C. § 2461(c))

17.   The allegations of Counts One through Twenty of this Indictment are realleged and fully incorporated herein for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. §§ 982(a)(1), 982(a)(3)(E, F), and 28 U.S.C. § 2461(c).

18.   Upon a conviction of any of the offenses alleged in Counts One through Twenty, the defendant,

ROBERT G. TUNNELL, JR.,

shall forfeit to the United States all property constituting and derived from proceeds traceable to that offense, including but not limited to a sum of money equal to the amount of proceeds obtained as a result of the offense.

19.   If any of said property, as a result of any act or omission of the defendant:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred to, sold to, or deposited with a third person;

(c)   has been placed beyond the jurisdiction of the Court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be subdivided without difficulty; any and all interest defendant has in other property shall be vested in the United States and forfeited to the United States pursuant to Title 21, United States Code, Section 853(p), as

//

INDICTMENT                                               7

1  incorporated by Title 28, United States Code, Section 2461(c) and Rule 32.2 of the Federal Rules
2  of Criminal Procedure.
3  //
4  DATED: July _2_, 2011                                A TRUE BILL.
5
6                                                       FOREPERSON
7
8  MELINDA HAAG
   United States Attorney
9
10
   MIRANDA KANE
11 Chief, Criminal Division
12
13 (Approved as to form: _____ )
                          AUSA Sprague
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

INDICTMENT                                  8